### F. E. BACON *v.* J. F. HOWELL.

VENDOR AND VENDEE.    *Landlord and tenant.    Title-bond.    Possession.*

Possession of land under a bond for title, which does not provide for possession, is not evidence of ownership which will estop the obligor in the bond from asserting a landlord's lien, under an alternate contract that the obligee should pay rent if he failed to pay the purchase-money ; and a merchant, who takes

a deed of trust on the crop to be grown by the obligee on the land, and makes advances thereunder without hearing of the alternate rent contract, relies on the title-bond at his peril, and his claim is subordinate to the landlord's lien upon the products.

APPEAL from the Circuit Court of Carroll County.

Hon. C. H. CAMPBELL, Judge.

The case is stated in the opinion of the court.

*George Anderson,* for the appellant.

The relations of landlord and tenant, and of vendor and vendee, may co-exist if the parties consent. Taylor's L. & T., sect. 25 ; *White* v. *Livingston,* 10 Cush. 259 ; *Saunders* v. *Musgrove,* 6 B. & C. 524. The landlord's lien is prior to a deed of trust given by the tenant. Code 188, sects. 1301, 1359. Notice of the relation of landlord and tenant, which was unnecessary, was not negatived by the title-bond, for when such an instrument does not provide for possession, the obligee's possession must be inquired into by one who takes from him a mortgage on the crop. *Scales* v. *Anderson,* 4 Cushm. 94 ; Hill. on Vend. ch. 1, sect. 9 ; *Kellog* v. *Kellog,* 6 Barb. 116.

*Somerville & McClurg,* for the appellee.

Whether the duplex relation exists is immaterial as to a third person, the title-bond created the relation of mortgageor and mortgagee. *Stickland & Kirk,* 51 Miss. 795. Attmore had no notice of the rent contract. *Buck* v. *Paine,* 50 Miss. 64. On the contrary, his inquiry led to information that Saffold's possession was under the title-bond. *McLeod* v. *First National Bank,* 42 Miss. 112. Saffold, an unlettered man, had not the rent-notes read to him, but if he knew of them Attmore is unaffected by his fraud. *Fulton* v. *Woodman* 46 Miss. 489. After delivering the bond to Saffold, Bacon is estopped to set up an adverse claim against an innocent mortgagee, who advanced on the faith of this instrument. Concealing the rent notes until the cotton was raised and prepared for market, with Attmore's advances, and then producing them for the first time, was a fraud upon Attmore which the jury has condemned, and their verdict will not be disturbed in view of all the circumstances in evidence.

*J. B. Martin*, on the same side.

The relation existing between Bacon and Saffold was that of vendor and vendee, not landlord and tenant. An attachment for rent will not lie where the payment of the rent is dependent on conditions. It is allowable only where the contract fixes the amount of the rent and the relation of landlord and tenant. *Tift* v. *Verden*, 11 Smed. & M. 153.

COOPER, J., delivered the opinion of the court.

On the 26th of August, 1881, the appellant executed a bond for title by which she bound herself to convey to one Saffold certain lands upon the payment, by him, of the sum of $750, which sum was payable, one-third on the 1st of November, 1882, one-third on the 1st of November, 1883, and one-third on the 1st of November, 1884, for which sums Saffold executed his three promissory notes. At the same time Saffold executed to appellant a contract by which he agreed, in event he was not able to make payment of the note due in November, 1882, to pay to her as rent, for the year 1882, $3.50 per acre for all the open land on the place.

In February, 1882, Saffold applied to Attmore to advance to him supplies during that year, and being asked if he could secure the payment thereof, he replied that he could, as he had bought land from Mrs. Bacon. He exhibited to Attmore the bond for title, who thereupon agreed to make the advances, and to secure the same took a deed of trust upon the crops to be grown on the lands during that year. He made the advances as agreed, having no notice of the fact that Saffold had agreed to pay rent for the land in event he should be unable to make payment of the notes given for the purchase-money. Saffold, having failed to pay the note, Mrs. Bacon sued out an attachment for rent, and under it seized certain cotton raised during that year on the land. The trustee in the deed given to secure the debt due for supplies, propounded a claim for the property seized, and upon the trial there was a judgment in his favor, from which Mrs. Bacon prosecutes this appeal.

For the appellee, it is urged that the deed of trust has precedence over the demand of the landlord, because Mrs. Bacon, by the execution and delivery of the bond for title to Saffold, without reciting therein the fact that rent was reserved in default of the payment of the purchase-money, enabled him to procure credit upon the apparent ownership of the lands.

There is some conflict of testimony on the question as to whether the contract to pay rent was read at the time of its execution to Saffold, who is an unlettered man ; but the fact of its execution is undisputed, and we assume from the argument of counsel in this court that the learned judge below, who tried the cause on the law and facts, a jury being waived, gave judgment for the claimant upon the ground that the landlord was estopped from asserting her claim, as against the merchant, who had made advances under the belief, generated by the possession of the bond for title by Saffold, that he was the owner and not tenant of the land.

If the legal effect of the execution and delivery of a bond for title is such as to warrant the world in dealing with the obligee therein in possession of the land as owner, the judgment must be affirmed ; but if it is the duty of one dealing with a person so circumstanced to inquire further of the character of his possession, the judgment must be reversed. The possession of land by another than the true owner, when no other facts or circumstances are shown, is presumed by law to be held by the consent of and under the owner, and it is incumbent upon one dealing with the tenant to inquire into the character of the right by which he holds, and the information, to bind the owner, must be derived from him, and not from the tenant.

A bond for title is not a conveyance of the land, but a mere contract to convey upon a certain contingency, usually the payment of the purchase-money. The duty of the obligor and the right of the obligee are correlative, and the bond is the measure of both. Unless possession is delivered under, or the right to it provided for, by the contract of sale, the seller may retain it until the buyer, by compliance with his contract,

entitles himself to the title and, as incident thereto, to the possession. 1 Sugden on Vend, 276; *Baum* v. *Dubois,* 43 Pa. St. 260; *Irvin* v. *Bleakley,* 67 Pa. St. 28; 6 B. & C. 527; 9 Dow. & Ry. 529, which is silent as to possession.

Mrs. Bacon, by the bond, bound herself to convey the land to Saffold, not absolutely and presently, but conditionally, when the purchase-money should be paid. Until this was done she was the owner of the land, and as owner could lease it to another, or to the buyer, without in any degree violating his rights under the contract.

Those who dealt with Saffold were bound to take notice of the legal limits of his rights under the terms of the contract he held.

Attmore, the creditor, was misled, not by the bond for title, for that did not import the right to the possession of the land, but by mistaking and imputing to it a broader effect than is given by law.

Reversed and remanded.