GEORGE F. MAYNARD ET AL. *v.* J. L. COCKE.

VENDOR AND VENDEE. *Interest on purchase-money; treated as rent. Lien.*

Where, on an absolute conveyance of a plantation, a balance of the purchase-money is due four years from date, and for the accruing interest thereon the vendee gives notes due at the end of each of the intervening years, reciting that they are for purchase-money, but it is specified in the deed that these notes shall be " considered as rent," and that a landlord's lien is retained, a valid equitable lien upon the agricultural products of the land for each of the years is created, and the holder receiving from the tenant of the vendee such products in payment of one of said notes is not liable in a suit by the heirs of the deceased vendee for a conversion of the same.

FROM the circuit court of the first district of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

On December 17, 1888, W. F. Rozell, being the owner of a plantation in Coahoma county, Miss., sold and conveyed the same to Mrs. Maggie C. Maynard. The consideration was $7,000, of which $2,500 was paid in cash, and, for the balance of $4,500, the purchaser executed her note to said Rozell, payable December 1, 1893, and for the annual interest thereon she executed her four several promissory notes for $450 each, due respectively December 1, 1889, 1890, 1891, 1892. A vendor's lien was reserved in the deed, and it stipulated that the interest notes should be " considered as rent notes, and the landlord's lien retained for the collection of the same." Mrs. Maynard went into possession, and afterwards died.

After her death, the plantation was leased, as her property, to one Ralston. The notes given for the purchase-money and interest were by Rozell assigned to appellee, J. L. Cocke. The first of said interest notes was paid, and the appellee received from the tenant, Ralston, enough of the cotton raised on the plantation during the year 1891 to pay the interest note for that year. This suit was brought by the appellant, as guardian of the children and heirs of Mrs. Maynard, to recover from Cocke for the conversion of the cotton received by him from their tenant. By consent, the case was tried by the court, without a jury, and a judgment was rendered in favor of the defendant, from which the plaintiffs appeal.

*Fitzgerald & Maynard*, for appellants.

The conveyance in this case was absolute and unconditional. The notes given for the interest were not in fact rent notes, and could not be made so by any stipulation of the parties. On this point, see *Bloodworth* v. *Stevens*, 51 Miss., 475; *Vick* v. *Ayres*, 56 *Ib.*, 670; *Bacon* v. *Howell*, 60 *Ib.*, 362; *Nobles* v. *McCarty*, 61 *Ib.*, 456; Wood's L. & T., p. 1; *Ib.*, p. 150, § 74; 12 Am. & Eng. Enc. L., p. 660, § 1; 4 Wait's Ac. & Def., p. 198, § 1.

If an instrument contains two distinct features, as a lease and a release, the court will regard that first which is first in point of time, and it will be enforced and the last rejected. Here the deed was absolute and in fee. The attempt at the close to charge the crops with the payment of interest notes as rent is futile. In addition to the above authorities, we refer to *Paxton* v. *Kennedy*, 70 Miss., 865; 39 Ark., 560; 1 Wood's L. & T., p. 385, § 203.

*D. A. Scott*, for appellee.

1. In *Nobles* v. *McCarty*, 61 Miss., 456, it was said that the relation of vendor and vendee could not be changed to that of landlord and tenant by subsequent agreement, so as to defeat supervening rights. Here the agreement to have the

interest notes treated as rent was made at the time of exe-
cuting the deed. In *Vick* v. *Ayres*, 56 Miss., 670, the con-
tract, being by parol, was held void as a contract of sale, but
good as a contract for leasing for one year.

The relation of vendor and vendee and that of landlord
and tenant may co-exist. *Bacon* v. *Howell*, 60 Miss., 362; 12
Am. & Eng. Enc. L., 738 and notes; 1 Wood's L. & T., p.
8, § 2.

If we concede that a contract between vendor and vendee
is void, because of an effort to make that rent which is not
rent, yet it is submitted that a vendor who conveys in fee
can reserve rent as a part of the consideration for the con-
veyance. Sugden on Vendors, vol. 2, pp. 258, 590, 591, 592; 5
Man. & Sel., 401; 12 Mod., 166; 5 Conn., 496; 16 Pick., 68.

2. The parties did not intend to enter into a senseless con-
tract. At least an equitable lien existed in favor of the hold-
ers of the notes, enforcible against the agricultural products.
raised on the conveyed premises. That such a lien was cre-
ated, see 13 Am. & Eng. Enc. L., 608; 2 Sumner, 486; 21 N.
Y., 581; 2 Allen (Mass.), 115; 4 Ala., 426. The form of a
conveyance is unimportant. Wherever an instrument trans-
ferring an estate is intended as a security, it is considered in
equity a mortgage. 2 Story's Eq. Jur., § 1018.


WOODS, J., delivered the opinion of the court.

The novel and most interesting legal question, which is.
argued with much learning and ability by counsel for the re-
spective parties, is this : Can the dual relations of vendor and
vendee and landlord and tenant subsist between the same
parties when the vendee has received from the vendor an ab-
solute conveyance to the lands sought to be charged with
rent? This is the key to an entrance upon a field of legal
inquiry which has not yet been judicially explored, and whose
boundaries have not yet been ascertained and declared, so·
far as the research of learned counsel, supplemented some-
what by our own, discloses.

But this untried problem is not really presented in this controversy. Counsel have taken the words too literally, and have overlooked the spirit of the contract of the parties. We are not to fetter our investigation by mere words or peculiar forms of words. Through these we must look to ascertain the intention of the parties. They are the vehicles only by which we are transported in our search for the true intent of the parties and the real meaning of their contract. The calling of that rent which is not rent does not make it such, but we should endeavor to construe the contract in such manner as to effectuate the intention of the parties, if that be ascertainable, and give vitality to every part of it, if possible.

The true view of the real intention of the parties is this, in our opinion, viz.: For the payment of the interest notes given by the grantee to his vendor, a security in the shape of an equitable lien upon the agricultural products to be grown upon the premises conveyed was created, and this is absolutely free from objection from any point of observation. In this aspect, the appellee has a complete defense to the action brought against him for moneys had and received, as this suit is, practically. It is in its nature an equitable action, and the equitable lien of appellee was properly set up as a defense to the appellant's demand. The appellee had already, before suit was brought, resorted to the security afforded by his equitable lien, and had received satisfaction of his debt; and all this he was entitled to show in successful defense of the action brought against him.

*Affirmed.*