FLOWERS-CARRUTH COMPANY v. JULIUS L. MOYSE ET AL.

[48 South. 523.]

1. LANDLORD AND TENANT. *Rent. Accounting. Executory contract of sale. Agricultural products. Lien. Liability of purchaser from tenant. Code 1906, § 2832.*

A person in possession of land under a contract by which he was to be treated as a conditional purchaser until he made default in the payment of an installment of the purchase money, but after such default was to become a tenant and liable for rent for the year in which he failed to pay the purchase money installment at its maturity, and, the first installment having been overpaid, default was made in the payment of the second one and the contract as one of sale abandoned:

(*a*) The tenant in an accounting for rents is entitled to credit for money paid by him at the maturity of the first installment of the purchase money in excess of the sum then due; and

(*b*) A purchaser from the tenant of agricultural products, subject to a lien (Code 1906, § 2832) for the rent, was not liable to the landlord for a greater sum than was due from the tenant.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Moyse and others, appellees, were plaintiffs in the court below; the Flowers-Carruth company, appellant, was defendant there. From a judgment in plaintiff's favor for $150, defendant appealed to the supreme court.

In January, 1906, the plaintiffs executed and delivered to one Connerly, an instrument in writing, in the following words:

"State of Mississippi.

"Pike County.

"In consideration of $100.00 (one hundred dollars) cash in hand paid, we agree to sell and convey by warranty deed, to Oliver Connerly, the following described lands in Lincoln County, and State of Mississippi, to wit: All that part of the N. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ and the N. $\frac{1}{2}$ of S. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ lying east of Lazy Creek in Sec. 27, T. 5 R. 8 east, containing 100 acres more or less, for the sum of $800.00 (eight hundred dollars) providing said sum of money is paid in the following manner and upon the following dates, for which notes have this day been given.

"$100 on the 1st day of October A. D. 1906, with 10% interest from date.

"$175.00 on the 1st day of October A. D. 1907, with 10% interest from date.

"$175.00 on the first day of October A. D. 1908 with 10% interest from date.

"$175.00 on the 1st day of October A. D. 1909 with 10% interest from date.

"$175.00 on the 1st day of October A. D. 1910 with 10% interest from date.

"And if the said Oliver Connerly shall fail to make any of said payments on or before the date they become due, then this contract is to be null and void.

"For the possession and use of the land for any year in which he shall fail to pay a note as it matures, said Oliver Connerly

agrees to pay $150.00 (one hundred and fifty dollars) as rent for that year provided that if the notes are paid each year as they mature and become due no rent shall be charged or collected; *it being further understood and agreed that in case of default being made in the payments of any of the notes on the dates that they fall due, then in that case, all payments made prior thereto shall be taken as rent for the use of the land* and the possession of the land returned."

"Witness our signatures, the 16th day of Jan. A. D. 1906.
"Oliver Connerly.
"J. L. Moyse.
"Leonard Moyse, F. H. Moyse.
"Attest J. D. Lea, Jr."

Connerly paid the $100 cash took possession of the land under the contract and promptly paid the first installment of the purchase money due Oct. 1, 1906, and at the same time paid $80 additional, but failed to pay the second installment, $175, which matured October 1st, 1907, and the contract as one of sale was abandoned. Connerly also failed to pay the rent for 1907 and sold six bales of the cotton raised by him on the premises during that year, worth $225, to the Flowers-Carruth Company, appellant.

The suit was by Moyse and others, appellees, as landlords against the Flowers-Carruth Company, appellant, for the conversion of the cotton on which plaintiffs claimed an agricultural lien (Code 1906, § 2832) for the rent due them for 1907 from their tenant Connerly.

*George Butler,* for appellant.

Connerly was placed in the actual possession of the land under a contract of purchase, subject to be converted into a rental contract in the event of default by him. The contract was not recorded and therefore its existence was not constructive notice to appellant and actual notice is not shown or attempted to be shown in the record and as it is not shown that the

cotton was purchased after the relation of landlord and tenant arose, that is to say, after default in the payment of the note due October 1, 1907, it would seem that appellant is an innocent purchaser in good faith, etc. *Bacon v. Howell,* 60 Miss. 362.

"It is not allowable by a subsequent agreement to convert the relation of vendor and vendee into that of landlord and tenant so as to defeat supervening rights." *Nobles v. McCarty,* 61 Miss. 456.

It can make no difference as to the application of the rule that the contract provides that in the event of default in the first or subsequent payments the vendee is to pay a stipulated amount as rent. Connerly entered into possession not for the purpose of creating the relation of landlord and tenant, but under a grant of a larger and more definite interest. It was not within the power of Moyse Brothers to transform this agreement of purchase into a rental contract till default. That could be done prior to then only upon the election of the vendee and that option could not be exercised under the terms of the agreement until the first day of October, the date of the maturity of the note so that up to the first day of October, there did not exist between these parties the relation of landlord and tenant and Connerly never became bound to pay rent until he failed or refused to pay the installment of the purchase price and all parties dealing with him prior to that time acquired superior right to that of Moyse.

It will be noticed that Connerly at the time he purchased the premises paid $100 cash and agreed to pay certain stipulated payments on the first day of October of each year succeeding until the full purchase price was paid. So that on the first day of October, 1906, he was only due appellee about $110, that is to say the $100 note with 10% interest thereon from January 16th to that date, but he in truth and in fact paid them $180, thus paying some seventy odd dollars more than he was then due so that all told he had paid appellee at the time this suit

was brought some $280. Now he had only been in possession of the land for two years and by the terms of the contract he was to pay only $150 per annum for rent in the event he elected to avail of the rental optional feature of the contract and therefore at the beginning of the year 1908 he would have owed appellee the sum of $300, $280 of which he had already paid as above stated. But if the court should conclude that under the last clause of the contract this is not the proper construction to be placed on it, and should further conclude that the first contention above made is unsound, then we say in any event it was fatal error to grant the peremptory instruction for $150. For as above stated, on the first day of October, when he made the payment of $180, he was only due appellee $100 plus the interest from December 16, 1906, to that date, and this seventy odd dollars over payment should have gone as a credit to the note of $175 due on the 1st day of October, 1907, if the same was paid at maturity, or in the event of default, should have been credited to the payment of $150 rent which Connerly had agreed to pay for the use of the premises for that year.

*Cassedy & Cassedy,* for appellees.

The consideration for the $100 cash in hand paid was the contract to sell and when this contract was executed and delivered the full consideration for this $100 was received by Connerly. Connerly, however, wanted more than this, that is the present use and possession of the land, so that he might have the present benefit of the use thereof so that to cover this part of the agreement the contract provides upon what terms the possession is to be had. It provides:

First. If the notes are paid each year as they fall due then in that case no rent is to be charged.

Second. For any year in which Connerly failed to pay one of the notes as they mature, then in that year for the use and possession of the land he was to pay $150 as rent.

Third. In order to dispose of the question of what shall be

done with money paid upon prior notes where the default is made on one of the later notes the last clause is inserted.

"Then in that case all payments made prior thereto shall be taken as rent for the use of the land."

The court will note that the contract will not permit the construction contended for by the appellant, that is, "in case of default in any one payment then the rent to be fixed at the rate of $150 per year both for the year in which the default occured and also for the years prior thereto and Connerly entitled on that basis to an accounting"—to the contrary the only reasonable construction the contract will permit is—that the rent is fixed at $150 only for the year in which default is made—and for the years prior thereto all moneys paid on the notes shall not be returned but be retained as rent whatever the amount may be.

Argued orally by *George Butler,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The plaintiffs were manifestly entitled to recover, but just as manifestly they were entitled to recover only the $70. If plaintiffs will remit down to that sum, the judgment will be affirmed; otherwise, it will be reversed, and the cause remanded.

*Affirmed on remittitur.*