# W. L. ROBINSON Co. *v.* R. L. WEATHERSBY.

### [57 South. 983.]

1. LANDLORD  AND  TENANT.  *Existence  of  relation.  Bond  for  title.*
   *Rights  of  landlord.  Lien  on  crops  for  rent.  Equitable  estoppel.*

   Where the vendor of land executed a bond for title to the vendee,
   and put  him in possession, the bond providing that the vendee
   should pay interest on the purchase money and that in case the
   purchase money was not paid promptly at maturity that the
   vendee should pay rent to an amount equal to the interest, on
   the vendee's failure to pay the purchase money, the vendor
   thereby became landlord and had a right to collect rent to an
   amount equal to the interest.

2. SAME.

   In such case the vendor as landlord can enforce a lien for rent
   and supplies against a *bona fide* purchaser for value of the crops
   raised by the tenant on the land and a failure of the vendor
   to notify one extending credit to the tenant in reliance on his
   crops, did not estop the vendor from subjecting the crops to his
   lien as landlord, though the bond for title was not recorded.

3. SAME.

> In such case the possession of the tenant under the bond was
> notice of its contents and there was no duty on the part of the
> vendor, landlord, to notify the creditor that he was extending
> credit at his own risk to the tenant.

APPEAL from the circuit court of Amite county.

HON. M. H. WILKINSON, Judge.

Suit by R. L. Weathersby and another against W. L. Robinson Company. From a judgment for plaintiff, defendant appeals.

On December 2, 1907, Weathersby Bros., who were the owners of land in Amite county, Mississippi, agreed to sell and executed bond for title to T. S. McGehee. The instrument recites that the obligors bind themselves for a consideration of two thousand, five hundred dollars, to be paid in five equal annual installments, beginning January 1, 1909, for which notes are given, to convey the land in question to McGehee, and further provides that the said notes shall bear interest at the rate of six per cent from January 1, 1908, "interest to be paid annually, said interest to be considered as rent, unless each note is paid as above specified." The instrument contains the further provision: "The consideration of this obligation is that if said T. S. McGehee shall pay said notes at maturity, and shall pay all taxes on said land and the interest thereon, as stipulated, the said Weathersby Bros. shall, on the completion of the payment of said notes, execute or cause to be made and delivered to said McGehee a sale of said land in a warranty deed in good and sufficient form, in the meantime they shall permit said T. S. McGehee to occupy and use for his own benefit said land, then this obligation to be in full force; otherwise to be null and void."

McGehee went into possession of the property, and lived on it during the years 1908 and 1909, and raised crops thereon. During these years he traded with Robinson & Co., who bought his crop in 1908, except certain

cotton delivered to Weathersby, which amount was credited on the bond for title, and which amount was not quite enough to equal six per cent. interest on the purchase price. In 1909, McGehee again traded with Robinson & Co., who bought his cotton, and at the end of 1909 surrendered the contract and moved from the place. Appellees thereupon demanded of Robinson & Co. the balance due for the year 1908 to bring the amount up to one hundred and fifty dollars, or six per cent interest on the purchase price, and the further sum of one hundred and fifty dollars for the year 1909. Upon the refusal of appellants to pay these amounts, appellees brought suit in the circuit court, setting up the fact that McGehee was their tenant for the years 1908 and 1909, and that they had a prior lien as landlord upon the agricultural products. Appellees contend that the relation of landlord and tenant did not exist under the contract.

On the trial, both sides asked a peremptory instruction. The court granted a peremptory instruction for appellees for the amount sued for, and this appeal is prosecuted.

*Cassedy & Butler,* for appellant, filed an elaborate brief too long for publication.

*Price & Price,* for appellee.

In our discussion we will not follow the elaborate brief of counsel for appellant, as we believe that it is based upon a total misconception of the case.

Did the relation of landlord and tenant exist between Weathersby and McGehee?

The bond for title contains the following language:

"With six per cent interest from January 1, 1908, the interest to be paid annually, said interest to be considered as rent, unless each note is paid as above specified." And, "In the meantime they shall permit said T. S. Mc-

Gehee to occupy and to use for his own benefit said land."

In 60 Miss. 362, this court said: "A bond for title is not a conveyance of the land, but a mere contract to convey upon a certain contingency usually the payment of the purchase money. The duty of the obligor and the right of the obligee are correlative, and the bond is the measure of both Mrs. Bacon, by the bond bound herself to convey the land to Saffold, not absolutely and presently, but conditionally, when the purchase money should be paid. Until this was done she was the owner of the land, and as owner could lease it to another, or to the buyer, without in any degree violating his rights under the contract. Those who dealt with Saffold were bound to notice the legal limits of his rights under the terms of the contract under which he held."

The above is a case identical with the case at bar, except in that case possession was not given under the bond, but by a separate and in dependent rent contract, and the creditor was misled; whereas, in the case at bar, the rent contract and bond for title were included in one and the same instrument, and Robinson had knowledge of the instrument.

In *Bacon* v. *Howell, supra,* the court said: "For appellee it is urged that the deed of trust has precedence over the demand of the landlord, because Mrs. Bacon, by the execution and delivery of the bond for title to Safford, without reciting that rent was reserved in default of the payment of the purchase money, enabled him to procure credit upon the apparent ownership of the land."

"If the legal effect of the execution and delivery of a bond for title is such as to warrant the world in dealing with the obligee therein in possession of the land as owner, the judgment must be affirmed; but it is the duty of one dealing with a person so circumstanced to inquire further of the character of his possession, the

judgment must be reversed. The possession of land by another than the true owner, when no other facts or circumstances are shown, is presumed by law to be held by the consent of, and under the owner and it is incumbent on one dealing with the tenant to inquire into the character of the right by which he holds, and the information to bind the owner, must be derived from him and not from the tenant.''

The case above quoted from is a much stronger case against the plaintiff on the facts, than the case at bar, for there was a bond for title, saying nothing about possession, and an independent secret contract for rent; whereas, in this case, the whole contract was in one instrument and defendant testified that he had knowledge of the instrument.

If asked why the plaintiff did not go to defendant and give him notice that McGehee was his tenant, we answer first, that he had no knowledge that Robinson was supplying McGehee under a deed of trust on the crop, and that with knowledge he was under no legal duty to notify Robinson.

Second. Outside of the record, if asked privately, we would answer, that Weathersby was and is a helpless paralytic, caused by an almost fatal attack of typhoid fever, and cannot go to meals or to his bed or elsewhere without assistance.

Counsel cited *Maynard* v. *Cocke,* 71 Miss. 493, as a case directly in point and quotes it at length to sustain his view. We submit that it is not in point, because there was no bond for title, but an absolute conveyance, and if read in the light of this distinction is a complete answer to appellants' contention and a perfect accord with our view.

We admit that calling rent interest, or interest rent, does not make it the other any more than calling black white, makes it white.

Neither can you ''eat your cake and have it.''

Rozell could not give an absolute conveyance to land and still retain his legal status as landlord over it. The sole question as stated by Justice Woods was: "Can the dual relation of vendor and vendee, and landlord and tenant, subsist between the same parties when the vendee has receivd from the vendor an absolute conveyance to the lands sought to be charged with rent?"

Yet the court did go further and say, that such a relation coupled with the "calling of interest, rent" did give the vendor an equitable lien, even though there was not, unlike the case at bar, the relation of landlord and tenant.

The last word of this court on the principle in controversy will be found in *Flowers-Carruth Co.* v. *Moyse,* 95 Miss. 174. In this case Moyse gave Conerly a bond for title, which, like the instrument in the case at bar, stipulated for one hundred and fifty dollars per annum rent if default was made in payment of the purchase money notes. Here we again find attorney Butler eloquently urging the same proposition, citing the same cases, quoting the same passage, as in his brief herein; but strange to say Messrs. Cassedy & Cassedy were then earnestly and masterfully presenting our view. The court agreed with them, and speaking through Chief Justice Whitfield said: "The plaintiffs were manifestly entitled to recover."

The landlord's lien will prevail against a *bona fide* purchaser for value. *Newman* v. *Bank,* 66 Miss. 323. Neither ignorance as to the tenancy by a purchaser, nor false statement by the tenant as to his right to sell will defeat the landlord's claim. *Warren* v. *Jones,* 70 Miss. 202.

A landlord has a lien to secure his rent and supplies for the current year on all agricultural products raised upon the leased premises, and may assert it against the purchaser, with or without notice of such products. *Wm. Ball et al.* v. *Sledge,* 82 Miss. 749.

The question of estoppel does not arise in this case, and the question of waiver is not raised.

Weathersby testified, that the lint cotton paid by McGehee was paid as rent, in accordance with the contract, and was so understood at the time by both parties. McGehee nor anyone else was offered by appellant to contradict this evidence.

Thus we see that the relation of landlord and tenant did exist between Weathersby and McGehee, and therefore Ch. 76 of the Mississippi Code of 1906 is the law of the case. A law lien and not an equitable lien only available in defense as claimed by appellants. It follows that plaintiff is entitled to recover regardless of any question of notice to Robinson of the existence of the rent contract, or knowledge by Weathersby that Robinson was furnishing McGehee and that McGehee was selling his products to Robinson. If the rule seems harsh in its particular application to the special case, we must remember that ours is primarily an agricultural state. A vast majority of our citizens till the soil for their living, our whole commercial superstructure being built on agriculture as a foundation. The landlord has long been a favored class and will continue to be, for it is recognized that any other policy would be fatal to our institutions.

*Jackson & Gordon,* for appellee.

The contract to sell and the alternate rent agreement was entered into contemporaneously by the parties and it has been repeatedly held that there was nothing wrong in a contract so made. *Nobles* v. *McCarty,* 61 Miss. 456; *Bacon* v. *Howell,* 60 Miss. 362; *Maynard* v. *Cocke,* 71 Miss 493 and *Flowers-Carruth Co.* v. *Moyse,* 95 Miss. 174.

It was not an absolute deed as in the case of *Maynard* v. *Cocke,* 71 Miss. 493, decided by this court, in which an identical agreement and clause was upheld. The contract here made, was one in which Weathersby Bros.

only obligated themselves to make a deed when the notes were paid by McGehee; and McGehee contracted to pay the notes or to pay rent and not paying the note for the year 1908, he paid thirteen hundred and sixty-five pounds of cotton on the alternate rent clause.  And the contract should be construed according to the intention of the parties and that intention carried out.  It would appear as to their intention by the payment of this rent. *Maynard* v. *Cocke,* 71 Miss. 493.

It was the duty of the Robinson Co. to inquire into the contract between Weathersby and McGehee, *Bacon* v. *Howell,* and failing to do so he dealt with McGehee at his own risk.  He was put upon his inquiry by the answer of McGehee in the beginning when he said that he had bought the land from Weathersby Bros., and hel l their bond for title to same.

A contract of this character has been upheld by this court in every case of like nature coming before it, so far as we have been able to discover from the reports. *Bacon* v. *Howell,* 60 Miss. 362; *Nobles* v. *McCarty,* 61 Miss. 456; *Maynard* v. *Cocke,* 71 Miss. 493; *Bedford* v. *Gartrole,* 88 Miss. 429, and *Flowers-Carruth Co.*, v. *Moyse,* 95 Miss. 174.

Argued orally by *J. T. Cassedy,* for appellant.

McLEAN, J., delivered the opinion of the court.

Appellant fails to discriminate between the well-marked and well-defined distinction of the relations existing between vendor and vendee, where an absolute conveyance is made, and where only a bond for title, an executory contract, an agreement to convey upon the payment of the purchase money, is entered into.  In the former instance—that is, where the land is conveyed by deed—the vendee becomes the actual owner of the land; and, being the owner, he is entitled to the possession, and the vendor has no longer any title or estate

in the land. All that he has is merely a lien upon the land for the payment of the purchase price, and can subject the land to the payment; but in the case of an executory contract the vendor retains the title and the estate, and the vendor, having the title and the estate, also has the right to remain in possession. Being entitled to the use and occupation of the land, the vendor can himself occupy, or rent the land to whomsoever he pleases. This being the status of the parties, it must follow, under the terms of the contract in the instant case, that the vendor also became landlord. There is nothing inconsistent, much less unlawful, in the contract as to paying the purchase price and also the rent. Of course, calling interest rent does not make it rent; but the word "interest" here is used so as to make the amount of the rent definite and certain. Suppose, instead of saying, "Said interest to be considered as rent unless each note is paid as above specified," it had read, "If the note is not paid the said McGehee is to pay one hundred and fifty dollars rent," would there be, in legal contemplation, any difference? These principles are set at rest in *Bacon* v. *Howell,* 60 Miss. 362; *Nobles* v. *McCarty,* 61 Miss. 456; *Maynard* v. *Cocke,* 71 Miss. 493, 15 South. 788; *Flowers-Carruth Company* v. *Moyse,* 95 Miss. 174, 48 South. 523.

The fact that the bond for title was not recorded makes no difference. Possession of land under an unrecorded contract, whether executed or executory, is equivalent, so far as notice to third persons is concerned, to the recording of the instrument; but the possession is notice of just exactly what the rights and obligations of the parties are as shown by the instrument—no more, no less. It therefore follows that the Robinson Company had notice of the terms of the contract between the vendor and vendee, and therefore extended the credit to McGehee, with the notice that the plaintiff had a lien on the products grown upon the land for the payment

of the one hundred and fifty dollars, each, for the years 1908 and 1909.

In addition to this, the law is too well-settled in this state to require the citation of authorities that the landlord can enforce his lien for rent and supplies against a *bona fide* purchaser for value of the agricultural produce without notice of the landlord's claim.

The lower court ruled correctly in sustaining the objection of the plaintiff, to the effect that the plaintiff knew that the defendant was furnishing supplies to the tenant, for two reasons: First, as hereinbefore stated, the defendant was charged with the notice of the actual relations existing between the plaintiff and the tenant McGehee; but, in addition to that, there was surely no duty upon the part of the plaintiff to notify the defendant that the defendant was crediting McGehee at his (the defendant's) own risk. The proposed evidence did not show that plaintiff intended, or that his conduct was reasonably calculated, to mislead defendant, or that defendant was misled by the action of plaintiff.

We see no error in the record, and the case is affirmed.

*Affirmed.*